UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BMO HARRIS BANK N.A.,

    Plaintiff,

v.

    Case No. 18-10847
    District Judge Victoria A. Roberts
    Magistrate Judge David R. Grand

OVIDIU SUCIU,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF No. 23] AND STRIKING DEFENDANT'S RESPONSE [ECF No. 24]

### I. INTRODUCTION

BMO Harris Bank N.A. brings this breach of contract action against Ovidiu Suciu ("Suciu"), alleging that Suciu defaulted on four separate loan agreements by failing to timely make minimum payments.

BMO seeks summary judgment under Federal Rule of Civil Procedure 56(c); BMO says that Suciu fails to present a genuine issue of material fact because he does not provide specific evidence from which a reasonable juror could find that he did not materially breach the agreements. It seeks a sum certain: $253,497.99, plus costs and attorney's fees.

The Court agrees with BMO and **GRANTS** its motion for summary judgment.

### II. BACKGROUND

This case arises out of the execution of four Loan and Security Agreements by and between General Electric Capital Corporation and Suciu; BMO is an assignee of General Electric Capital Corporation.

1

BMO says that Suciu and General Electric executed four Loan and Security Agreements between 2012 and 2015; under each agreement, General Electric loaned Suciu money for the purchase of a tractor trailer, and Suciu agreed to make monthly payments over the course of 72 months. Each agreement included a provision which stated that Suciu would be in default if he "fail[ed] to pay when due any amount owed by [him] to [BMO] under this agreement." The agreements also contained a provision stipulating that, in the event of default, BMO "may declare the indebtedness hereunder to be immediately due and payable."

BMO says that Suciu materially breached each agreement when, on November 1, 2017, he failed to timely make his required monthly payments. BMO repossessed the four tractor trailers and sold three of them at auction; BMO deemed one "not cost effective to sell" because it was totaled. BMO maintains that Suciu owes it $253,497.99 due to his alleged material breach of the agreements.

### III.   STANDARD OF REVIEW

Summary Judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the initial burden to demonstrate the basis for its motion and to identify portions of the record which show an absence of a genuine issue of fact. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). Once that burden is met, the non-moving party must set forth specific facts that present a "genuine issue for trial." *Id*. The existence of a mere scintilla of evidence to support a plaintiff's position will not suffice; there must be evidence on which the jury could reasonably find for the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 252 (1986). Parties must support assertions of fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1).

IV. ANALYSIS

A. **Suciu Fails to Provide Evidence Sufficient to Create a Genuine Issue of Material Fact**

BMO says that Suciu fails to present evidence sufficient to create a genuine issue of material fact for a jury; specifically, BMO says Suciu makes mere "denials and allegations" in his Response to its motion, entitling BMO to summary judgment.

In his Response, Suciu maintains that BMO breached the agreements by "not releasing the lien(s)" on the trucks; he says that "some of the trucks were fully paid off." Suciu says that BMO failed to sell "some of the trucks" at "fair market prices or even a commercial[sic] proper prices[sic]." Suciu also says that BMO did not "provide a proper accounting as to the amount of money claimed in the Complaint," and alleges that BMO "took certain trucks without consent or any proper procedure." Finally, Suciu challenges venue by asserting that "the Contract requires any[sic] suit in the State of Texas." Suciu seeks "a dismissal of this motion" and "some time to obtain answers to these questions and to obtain counsel."

The Court agrees with BMO. Suciu fails to provide evidence in support of his defense; BMO is entitled to summary judgment.

First, Suciu does fail to provide more than mere denials and allegations in his Response. Where a moving party provides the material specified under Federal Rule of Civil Procedure 56(c), the non-moving party must respond with "specific facts showing that there is a genuine issue for trial." *See McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000) ("To prevail, the nonmovant must show sufficient evidence to create a genuine issue of material fact . . . A mere scintilla of evidence is insufficient, because 'there must be evidence on which the jury could reasonably find for the [nonmovant].'").

The non-moving party "may not rest upon the mere allegations or denials of his pleading . . . ."; what is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968); *see also* Fed. R. Civ. P. 56(c)(1) (Parties must support assertions of fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.").

Suciu fails to "set forth specific facts" showing a genuine issue for trial; he offers no evidence to support his assertions. Suciu makes no citations to the record—he only makes conclusory assertions such as "Plaintiff breached the contract by not releasing the liens" and "Some of the trucks were sold by Plaintiff but not at fair market prices or even a commercial[sic] proper prices[sic]."

4

Additionally, Suciu fails to include a brief with his Response, violating Local Rule 7.1(d), which provides that "each motion and response to a motion must be accompanied by a single brief." While Suciu seeks "dismissal" of this motion and time "to obtain counsel," Suciu has had ample time to obtain counsel—BMO filed this action on March 14, 2018—and Suciu's *pro se* status does not excuse him from following the rules of court. *See Williams Huron Gardens 397 Trust v. Waterford Twp.*, No. 18-12319, 2019 WL 659009, at *1 (E.D. Mich. Jan. 26, 2019) (Noting that *pro se* plaintiffs are "expected to know and adhere to the rules governing litigation in the court.") (citing *West v. Saginaw Twp. Police Dep't.*, 2014 WL 3599495, at *2 (E.D. Mich. July 22, 2014); *see also Fields v. Cnty. Of Lapeer*, 2000 WL 1720727 (6th Cir. 2000) ("It is incumbent on litigants, even those proceeding *pro se*, to follow . . . rules of procedure.").

Because Suciu's Response fails to comply with the Local Rules for the Eastern District of Michigan and the Federal Rules of Civil Procedure, the Court **STRIKES** it from the record. *See Williams*, 2019 WL 659009, at *1 (filings which do not conform to the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Michigan are subject to striking by the Court.").

Suciu fails to create a genuine issue of material fact.

### B. BMO is Entitled to a Sum Certain

BMO seeks a sum certain: $253,497.99, plus costs and attorney's fees. The Loan and Security Agreements support this request; each agreement explicitly provides that "Debtor agrees that [L]ender may bring legal proceedings to enforce the payment and performance of Debtor's obligations hereunder . . . Debtor shall also pay to lender all expenses of retaking, holding, preparing for sale, selling and the like, including without

limitation (a) the reasonable fees of any attorneys retained by Lender, and (b) all other legal expenses incurred by Lender." Further, BMO submitted documentation showing that it is entitled to $253,497.99 in loan damages.

While BMO is entitled to a sum certain—and the Loan and Security Agreements establish that it is entitled to attorney's fees and costs—the Court will not consider an award of costs and attorney's fees until BMO files its required petition.

BMO is entitled to $253,497.99.

## V.    CONCLUSION

Because Suciu fails to comply with the Local Rules for the Eastern District of Michigan and the Federal Rules of Civil Procedure, the Court **STRIKES** his Response from the record; Suciu's failure to provide evidence sufficient to create a genuine fact issue mandates that this Court **GRANT** BMO's motion for summary judgment.

Judgment will enter in favor of BMO in the amount of $253,497.99—the Court will not consider awarding costs and attorney's fees until BMO files its required petition.

**IT IS ORDERED**.

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 26, 2019